**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

WILFREDO C.M.,

Petitioner,

Civil No. 26-3966 (JRT/DJF)

v.

TODD BLANCHE, *U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*;

MARCOS CHARLES, *Acting Executive Associate Director, U.S. Enforcement and Removal Operations;*

DAVID EASTERWOOD, *Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

RYAN SHEA, *Sheriff, Freeborn County*,

Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

Elizabeth S. Eckholm and Nicholas Ratkowski, **RATKOWSKI LAW**, 332 Minnesota Street, Suite W1610, St. Paul, MN 55101, for Petitioner.

David W. Fuller and Worthington Phillips, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

David John Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE,** Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

Petitioner Wilfredo C.M. is a citizen of Guatemala who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On September 11, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Immigration and Nationality Act and the Fifth Amendment to the U.S. Constitution.

The Court concludes that Petitioner's detention violates his Fifth Amendment right to procedural due process. The Court will grant the petition in part and will order that Petitioner receive an individualized bond hearing.

**BACKGROUND**

Petitioner is a citizen of Guatemala who entered the United States in May 2019. (Pet. for Writ of Habeas Corpus ("Pet.") ¶ 27, Sept. 11, 2026, Docket No. 1; Decl. of Benjamin Northwood ("Northwood Decl.") ¶ 4, Ex. A., Sept. 16, 2026, Docket No. 6.) U.S. Border Patrol issued a Notice to Appear on May 23, 2019, initiating removal proceedings. (Northwood Decl. ¶ 5, Ex. A.) On June 10, 2025, an immigration judge ordered Petitioner removed in absentia (*id.* ¶ 6, Ex. B), which Petitioner appealed on July 9, 2025 (Pet. ¶ 27; Northwood Decl. ¶ 7, Ex. C.). His appeal remains pending before the Board of Immigration Appeals. (Pet. ¶ 27.)

On July 26, 2026, Petitioner was arrested in South Dakota on a state charge resulting from an alleged domestic-related incident and brought to Beadle County Jail. (Pet. ¶ 27; *see* Northwood Decl. ¶ 9, Ex. D.) On July 27, 2026, ICE/ERO conducted routine operations in the jail and noticed that Petitioner had a pending appeal to the Board of Immigration Appeals. (Northwood Decl. ¶ 9, Ex. D.) That same day—and before Petitioner was released on bail—ICE/ERO issued a Form I-200 administrative arrest warrant and lodged an immigration detainer to the Beadle County Jail. (Pet. ¶¶ 28–29; Northwood Decl. ¶¶ 10–11, Exs. D–E.) On July 29, 2026, ICE/ERO served Petitioner with the I-200 warrant at the Beadle County Jail and arrested him. (Northwood Decl. ¶ 12.) ICE/ERO ultimately transported Petitioner to Freeborn County Jail, where he is currently detained. (Northwood Decl. ¶ 14.)

Petitioner filed a Verified Petition for Writ of Habeas Corpus on September 11, 2026, arguing that his arrest and continued detention violate the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. (Pet. ¶¶ 76–101.)

## DISCUSSION

### I. STANDARD OF REVIEW

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District

courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zavydas v. Davis,* 533 U.S. 678, 693 (2001). "[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]" *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

## II. ANALYSIS

Petitioner argues that his arrest and continued detention are unlawful on multiple and different grounds. For the reasons set forth below, the Court will grant his habeas petition in part and will order that Petitioner receive an individualized bond hearing.

### A. Lawfulness of Arrest

Petitioner asserts that his arrest is governed by 8 U.S.C. § 1226—which provides for an individualized bond determination—and that the arrest was unlawful because Respondents failed to follow proper procedure. Respondents[1] contend, as a threshold

[1] "Respondents" here includes only Federal Respondents, as no response was submitted on behalf of Ryan Shea.

matter, that Petitioner is unable to challenge the legality of the underlying arrest. Respondents additionally argue that Petitioner was arrested pursuant to 8 U.S.C. § 1225(b)(2), which does not provide for release on bond.

The Court rejects Respondents' reviewability argument. Respondents ask this Court to adopt the Seventh Circuit's decision in *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982), that an individual may not challenge the legality of the underlying arrest in immigration habeas proceedings once deportation proceedings have begun. The Court declines to do so. "The weight of persuasive authority from this District supports that a habeas petitioner in removal proceedings may challenge an unlawful arrest . . . ." *Sorelys C.R.O. v. Blanche*, Civ. No. 26-3859, 2026 WL 2665657, at *2 (D. Minn. Sept. 10, 2026) (collecting cases). Petitioner may challenge the illegality of the underlying arrest in a habeas action. The Court now turns to that challenge.

It appears on the record before the Court that Respondents possess authority to detain Petitioner under 8 U.S.C. §1225(b)(2) as that provision has been construed by the Eighth Circuit. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026). However, in prior cases, the Court has ordered the immediate release of immigrant detainees where the Court concluded that (1) the noncitizen's arrest was pursuant to an I-200 administrative warrant, and therefore Petitioner's arrest was governed by § 1226, not §1225(b)(2); (2) the I-200 warrant was invalid because it was not issued in compliance with ICE regulations; and (3) Respondents did not comply with the requirements of 8 U.S.C. § 1357

in performing a warrantless arrest. *See Jany W.G.C v. Easterwood*, Civ. No. 26-3486, 2026 WL 2364413, at *2 (D. Minn. Aug. 14, 2026) (citing *Francisco M.A.*, Civ. No. 26-2032, 2026 WL 1229701, at *2–3 (D. Minn. May 5, 2026)).

Considering the first circumstance, Respondents arrested Petitioner pursuant to an I-200 administrative warrant—in doing so, Respondents "invoked the discretionary detention provisions of 8 U.S.C. § 1226" by representing to Petitioner that his arrest was based on 8 U.S.C. § 1226(a). *Francisco M.A.*, 2026 WL 1229701, at *1. The Court will hold Respondents to those representations. *Jose M. v. Blanche*, Civ. No. 26-3927, 2026 WL 2690238, at *2 (D. Minn. Sept. 14, 2026).

But considering the second circumstance, the record here supports a determination that the I-200 warrant was issued in compliance with ICE regulations. A Form I-200 administrative warrant authorizes detention of a non-citizen if it is issued "[a]t the time of issuance of the [Notice to Appear], or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b). The record—while not without contradictions—establishes that the Notice to Appear was issued prior to issuance of the I-200 administrative warrant, and the warrant was in turn issued prior to the arrest.

The Court concludes that there was a valid arrest in this case. Accordingly, the Court does not consider the third circumstance nor the parties' arguments related to warrantless arrest under 8 U.S.C. § 1357(a)(2).

But because the Court will hold Respondents to their representations in the I-200 warrant, the Court concludes that Petitioner's detention is governed by 1226(a), and that Petitioner must receive a bond hearing. *Jany W.G.C v. Easterwood*, 2026 WL 2364413, at *2.

**B. Due Process**

A bond hearing is also the proper under the Due Process Clause. Respondents' asserted basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). Section 1225, as interpreted by *Avila* provides for mandatory detention for "applicant[s] for admission" into the United States. 170 F.4th at 1138 (concluding that an individual who, like Petitioner, was already present in the United States, was nevertheless an "applicant for admission" subject to mandatory detention under § 1225(b)(2)(A)). In responding to Petitioner's due process claim, Respondents argue that § 1225(b)(2)(A) authorizes Petitioner's detention without the opportunity to post bond.

For the reasons set forth in *Axel J.M.C., v. Stanski*, Civ. No. 26-2281, 2026 WL 1171344, at *3–4 (D. Minn. Apr. 29, 2026), the Court concludes that the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), applies to Petitioner's due process claim. Here, as in *Axel*, Petitioner's liberty interest is significant, the risk of erroneous deprivation of Petitioner's liberty is high, and the burden the Government would bear in providing an individualized bond hearing is low.

Accordingly, entirely separate from the circumstances of Petitioner's arrest, the Court concludes that Petitioner's due process claim under the Fifth Amendment prevails, and the habeas petition will be granted to the extent Petitioner seeks a bond hearing.

If Respondents are unable to hold a bond hearing within 7 days of this order, the Court will direct that the Petitioner be released.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Wilfredo C.M.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED IN PART** as follows:

1. Respondents shall provide Petitioner with an individualized bond hearing within seven (7) days of the date of this Order, in which both parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained; Petitioner shall be afforded all proceedings and rights provided by § 1226 and its corresponding regulations.
2. If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention. **A proceeding in which bond is denied by the immigration judge for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and in such case, the Court will order release from custody**.

3. **By 5:00 P.M. on October 1, 2026**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court at that time whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: September 24, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge