**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

WILFREDO C.M.,

Petitioner,

v.

TODD BLANCHE, *U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*;

MARCOS CHARLES, *Acting Executive Associate Director, U.S. Enforcement and Removal Operations;*

DAVID EASTERWOOD, *Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

RYAN SHEA, *Sheriff, Freeborn County*;

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT;

U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Civil No. 26-3966 (JRT/DJF)

**ORDER**

---

Elizabeth S. Eckholm and Nicholas Ratkowski, **RATKOWSKI LAW**, 332 Minnesota Street, Suite W1610, Saint Paul, MN 55101, for Petitioner.

David W. Fuller and David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

David John Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE,** Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

On September 24, 2026, the Court granted in part Petitioner Wilfredo C.M.'s petition for a writ of habeas corpus and ordered Respondents to provide an individualized bond hearing within seven days. The Immigration Court has since held two bond hearings and denied bond both times. After the second bond hearing, Petitioner filed a Motion to Enforce Judgment, arguing that neither bond hearing complied with the Court's September 24 Order and requesting that the Court order Petitioner's immediate release. Having carefully reviewed the record, the Court concludes that Petitioner received a legally adequate bond hearing that complied with the Court's prior order. The Court will, therefore, deny Petitioner's Motion to Enforce Judgment.

**BACKGROUND**

Petitioner is a citizen of Guatemala who entered the United States in May 2019. (Pet. for Writ of Habeas Corpus ("Pet.") ¶ 27, Sept. 11, 2026, Docket No. 1; Decl. of Benjamin Northwood ("Northwood Decl.") ¶ 4, Ex. A., Sept. 16, 2026, Docket No. 6.) U.S. Border Patrol issued a Notice to Appear on May 23, 2019, initiating removal proceedings. (Northwood Decl. ¶ 5, Ex. A.) On June 10, 2025, an Immigration Judge ("IJ") ordered Petitioner removed in absentia (*id.* ¶ 6, Ex. B), which Petitioner appealed on July 9, 2025

(Pet. ¶ 27; Northwood Decl. ¶ 7, Ex. C.). His appeal remains pending before the Board of Immigration Appeals. (Pet. ¶ 27.)

On July 26, 2026, Petitioner was arrested in South Dakota on state charges resulting from an alleged domestic-related incident; those charges were dismissed by the prosecuting attorney on August 4, 2026. (Decl. of Elizabeth Eckholm ("Eckholm Decl.") ¶ 12, Ex. A at 4, 21, Oct. 9, 2026, Docket No. 14; Pet. ¶ 27; Northwood Decl. ¶ 8.) While Petitioner was detained in connection with that arrest, U.S. Immigration and Customers Enforcement ("ICE") issued a Form I-200 administrative arrest warrant and lodged an immigration detainer to the jail. (Pet. ¶¶ 28–29; Northwood Decl. ¶¶ 10–11, Exs. D–E.) Although Petitioner was permitted release on bail with respect to his state charges, on July 29, 2026, before Petitioner could be released, ICE officers arrested Petitioner at the jail. (Pet. ¶ 28, Northwood Decl. ¶¶ 12, 14.)

Petitioner filed a Verified Petition for Writ of Habeas Corpus on September 11, 2026. (Docket No. 1.) On September 24, 2026, the Court granted the petition in part and ordered an individualized bond hearing within seven days. (Order ("Sept. 24 Order"), Sept. 24, 2026, Docket No. 9.) An IJ held a bond hearing on September 30, 2026. (Eckholm. Decl. ¶¶ 3, 11, Ex. B.) Petitioner did not have counsel at this hearing; he indicated that he had attorneys assisting in his habeas petition and in his immigration case but that he did not know why his counsel was not present. (*Id.*, Ex. B at 2.) The IJ proceeded with the bond hearing and concluded that Petitioner was a flight risk based on

his in absentia removal order and that Petitioner had not demonstrated that he was not a danger to others given the recent arrest. (*Id.*, Ex. B. at 3.) There is no indication in the record that the IJ was aware that the charges leading to Petitioner's arrest had been dropped. (*See id.*, Ex. B.)

Respondents informed the Court that the Immigration Court completed a bond hearing and requested that the case be dismissed. (Letter, Sept. 30, 2026, Docket No. 11.) Petitioner, in turn, requested the record of the bond hearing to analyze whether the proceeding satisfied the requirements of due process under the Fifth Amendment to the U.S. Constitution, and that the case remain open while Petitioner completed this assessment. (Status Report, Oct. 1, 2026, Docket No. 12.)

Before the Court responded, on October 7, 2026, the Immigration Court conducted a second bond hearing. (Eckholm Decl. ¶ 11, Ex. C.) Petitioner's counsel submitted documentary evidence ahead of the hearing and made arguments at the hearing regarding, among other things, that Petitioner's domestic-related charges had been dismissed and that Petitioner had ties to the community. (*Id.* ¶¶ 4–7 & Ex. C at 2–4.) An IJ again denied bond, concluding that Petitioner was a danger to the community (because of his prior arrest) and flight risk (because of his in absentia removal order). (*Id.*, Ex. C. at 6.) After making those conclusions, the IJ added that "the Court does not find changed circumstances" from the previous bond hearing that denied bond. (*Id.*, Ex. C. at 7.)

Petitioner submitted a Motion to Enforce Judgment and requested the Court order his immediate release because, he argues, neither bond hearing was sufficiently individualized such that it complied with the Court's previous habeas order. (Pet'r's Mot. to Enforce J. ("Pet'r's Mot."), Oct. 9, 2026, Docket No. 13.)

**DISCUSSION**

## I. STANDARD OF REVIEW

The Court's review of a bond redetermination hearing is limited. The Court may review to evaluate whether the proceeding was constitutionally adequate, including whether a petitioner received the due process to which he or she was entitled. *See Adejola v. Barr*, 439 F. Supp. 3d 120, 126–27 (W.D.N.Y. 2020); *Abdifatah M.A. v. Blanche*, Civ. No. 26-3475, 2026 WL 3025856, at *1 (D. Minn. Oct. 8, 2026) (collecting cases). But the Court may not "set aside any action or decision" to deny bond and cannot review the discretionary judgment used to reach the bond redetermination decision. 8 U.S.C. § 1226(e); *Abdifatah M.A.*, 2026 WL 3025856, at *1.

## II. ANALYSIS

The Court ordered that Petitioner be provided "an individualized bond hearing . . . in which both parties will be allowed to present evidence and argument" and in which Petitioner would "be afforded all proceedings and rights provided by § 1226 and its corresponding regulations." (Sept. 24 Order at 8.) Petitioner challenges that neither the September 30 nor October 7 bond redetermination hearings applied the individualized

assessment required by the Court. Petitioner argues that the first bond hearing did not provide an individualized assessment because the IJ did not appropriately weigh evidence or inquire into other relevant circumstances. Petitioner argues that the second bond hearing improperly weighed evidence and improperly required materially changed circumstances—which should only be considered if the first bond hearing had been legally and constitutionally adequate.

The Court will first consider whether the second bond redetermination hearing complied with the Court's September 24 Order and whether the IJ improperly evaluated changed circumstances. Reviewing whether an IJ conducted a proper individualized determination requires the Court to assess whether the IJ applied the correct legal standard, which can be accomplished by reviewing whether the IJ "'relied upon proof that could not possibly establish by clear and convincing evidence—as a matter of law—that [Petitioner is] a danger to the community' or a flight risk." *Adejola*, 439 F. Supp. 3d at 128 (quoting *Nguti v. Sessions*, Civ. No. 16-6703, 2017 WL 5891328, at *2 (W.D.N.Y. Nov. 29, 2017).)

The transcript of the second bond hearing makes clear that the IJ met the *Adejola* standard. The IJ indicated that he understood Petitioner's assault charges had been dismissed but also highlighted concern about Petitioner's in absentia removal order. (Northwood Decl. ¶ 11, Ex. C at 6.) This evidence meets the legal requirement. To further

analyze the IJ's decision would amount to an evaluation of how the IJ weighed evidence, which this Court cannot do. 8 U.S.C. § 1226(e).

Nevertheless, the Court is troubled that the IJ at the second bond hearing indicated that he did not find changed circumstances from the previous hearing, particularly because Petitioner did not have counsel at that initial hearing. It is "well-settled" that noncitizens have a statutory and Fifth Amendment right to counsel at their own expense, and that the noncitizen must knowingly and voluntarily waive that right. *Njoroge v. Holder*, 753 F.3d 809, 811–12 & n.2. Failing to take reasonable steps to ensure the right to counsel is honored may be a statutory and due process violation if prejudice results. *Id.* at 812; *see Abdifatah M.A. v. Blanche*, Civ. No. 26-3475, 2026 WL 2676756, at *1 (D. Minn. Sept. 11, 2026).

While Petitioner did not explicitly request counsel at the first bond hearing, he informed the IJ that he had representation for his habeas petition and underlying immigration proceeding. (Eckholm Decl. ¶ 11, Ex. B at 1–2.) There is no indication in the record from the first bond hearing that Petitioner waived his right to counsel, and no indication that the IJ made reasonable efforts to contact counsel. (*Id.*) But, even assuming without deciding that holding the first bond hearing violated Petitioner's statutory and Fifth Amendment right to counsel, Petitioner cannot show prejudice because the IJ at the second hearing—where Petitioner's attorneys were able to appear and make arguments—indicated that he had independently concluded that Petitioner

was a danger to the community and flight risk.[1] The Court need not address what the outcome would be if the IJ had considered only changed circumstances in the second hearing.

Because the Court concludes that the second bond hearing fulfilled the requirements of its September 24 Order, the Court will not further assess the first bond hearing. Any further arguments Petitioner makes about the IJ's conclusions about dangerousness and flight risk are best directed at the Board of Immigration Appeals. Petitioner received what the Court ordered: a bond hearing in which Petitioner's evidence was heard.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Enforce September 24, 2026 Order and for Immediate Release (Docket No. [13]) is **DENIED**.
2. This matter is **DISMISSED without prejudice**.

---

[1] At the end of the second bond hearing, the transcript reflects that the IJ indicated that "the Court does not find changed circumstances regarding the previous Immigration Judge's denial of the bond **as well**." (Eckholm Decl. ¶ 11, Ex. C at 7 (emphasis added).) But the IJ had already clearly stated that the decision was based on his finding that Petitioner was "both . . . [a] danger to the community" and had exhibited a "risk of flight" because of the in absentia removal order and by stating "as well" indicated that the consideration of the previous denial was in addition to his own determination. (*Id.*) The Court, therefore, concludes that the IJ's determination to deny bond was independent of the previous IJ's denial.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 27, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge